IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No: 5:15-CR-5 (MTT) |
| v. : | |
| : | |
| JONATHAN VERNON, : | |
| : | |
| Defendant. : | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

COMES NOW the United States of America, by and through the undersigned United States Attorney, and responds in opposition to Defendant's Motion to Suppress, as follows:

## STATEMENT OF FACTS

On March 26, 2011, a Federal Bureau of Investigation (FBI) agent was a part of an ongoing Innocent Images National Initiative. An undercover FBI agent (UCE) launched a publicly available peer to peer file sharing program from the Federal Bureau of Investigation (FBI) and queried the network of friends. The UCE was able to preview the files that "boydavid14" was sharing on thumbnail view and observed that many of these images depicted child pornography. The UCE downloaded files depicting child pornography directly from "boydavid14" during the online session. Jonathan Vernon (Vernon) was identified as the subscriber to the particular IP address in question.

On June 28, 2011, a search warrant was executed at Vernon's residence, 211 Pine Needle Road, Apartment A, Milledgeville, Georgia. The FBI seized assorted CDs, phones, thumb drives, hard drives, laptops and binders.

1

Vernon was interviewed. He indicated he worked for Infinity Network Solutions as technical support. Vernon indicated he is a "gamer;" he plays games online and likes to download music. When asked if he downloaded any pictures, Vernon stated, "I refuse to answer that question." When asked if he downloaded anything other than music, Vernon requested an attorney. The interview was terminated.

FBI Special Agent Kimberly Granich (Granich) seized Vernon's computer on June 28, 2011. There were 1,985 images, including one video, that were not encrypted. The Computer Analysis and Response Team (CART) received the computer and reported its examination on December 5, 2012. CART located several references on the computer concerning "How to" cleaning tracks, data removal and several "Cleaning" tools.

The Cryptologic and Electronic Analysis Unit (CEAU) conducted a search for known child pornography items with numerous hits returned. There were over 1,000 images of child pornography. Also on Vernon's computer were items entitled: The Pedophile Handbook, How to Rape Little Boys, as well as other names with whom Vernon shared child pornography and various email addresses belonging to children.

The search and seizure warrant indicated the search should take place in the daytime and the stated time, within parenthesis, was 8:00 a.m. and 6:00 p.m. FBI Agent Granich executed the search warrant at Vernon's residence at 6:05 a.m.

## ARGUMENT AND CITATIONS OF AUTHORITY

**The Execution of the Search Warrant at Jonathan Vernon's residence at 6:05 a.m. by the FBI was valid--the execution of the search warrant is in compliance with Federal Rule of Criminal Procedure 41.**

The Fourth Amendment guarantees that persons are free from unreasonable searches and seizures. The touchstone of the Fourth Amendment is reasonableness. *Katz v. United States,* 389 U.S. 347, 360 (1967). The Fourth Amendment is not offended by the circumstances in this case.

Under Federal Rule of Criminal Procedure 41, a search warrant must command the officer to "execute the warrant during the daytime, unless the judge for good cause expressly authorizes execution at another time." Fed. R. Crim. P. 41(e)(2)(A)(ii). "Daytime" means the hours between 6:00 a.m. and 10:00 p.m. according to local time. Fed. R. Crim. P. 41(a)(2)(B).

In *United States v. Ellis*, 2011 U.S. Dist. LEXIS 39781, 2011 WL 1375583 (N.D. Ga. Mar. 4, 2011), defendant argued "that the search of his residence was illegal because the warrant required it to be executed between 6:00 a.m. and 10:00 p.m.," and "the agents arrived at [the defendant's] home at 5:30 a.m." 2011 U.S. Dist. LEXIS 39781 at 11, 2011 WL 1375583, at 4. The court, however, denied the defendant's motion to suppress, providing,

> Assuming without deciding that the agents arrived at the residence thirty minutes earlier than the time indicated on the search warrant, no evidence was presented showing that the agents intended to violate Rule 41 or that Defendant was prejudiced by the agents' early arrival. Accordingly, suppression is not warranted on this issue.

The court found that, although it was dealing with a violation of the warrant itself, rather than a violation of Rule 41, "the same analysis should apply to technical violations of the warrant. If non-prejudicial and unintentional violations of Rule 41 do not result in suppression, then a fortiori technical violations of the warrant itself compels the same result." *Id.* at 10-11.

The Eleventh Circuit adopted the following standard for analyzing a violation of Rule 41 relating to search warrants:

> [U]nless a clear constitutional violation occurs, noncompliance with Rule 41 requires suppression of evidence only where (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been

3

followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule. *Id.* at 10 (quoting *United States v. Gerber*, 994 F.2d. 1556. 1560 (11th Cir. 1993).

In *United States v. Marx*, 635 F.2d 436, 441 (5th Cir. 1981)[1], the Court found that Rule 41 violations are "essentially ministerial in nature and a motion to suppress should be granted only when the defendant demonstrates legal prejudice or that non-compliance with the rule was intentional or in bad faith." *See also United States v. Henry*, 939 F. Supp. 2d 1279, 1290 (N.D. Ga. 2013); *United States v. Davis*, 313 F. App'x. 672, 2009 WL 489998 (4th Cir. 2009) (holding "however, even if the search occurred a few minutes before 6:00 a.m., suppression is not warranted as a remedy for such non-constitutional violations").

Here, Vernon has not presented any evidence that he was prejudiced by the 6:05 a.m. execution of the search warrant--that is that the search would not have occurred or the search would not have been so abrasive if the warrant time parameters had been followed. On the contrary, based on surveillance and investigation, if FBI agents had waited an additional one hour and fifty-five minutes to execute the search warrant, they would have seized the same information and the search would not have been conducted differently. Moreover, there is no evidence that FBI agents deliberately or intentionally disregarded the 8:00 a.m. to 6:00 p.m. time parameters. There was also no indication of bad faith by FBI agents. Neither of the recognized conditions have been satisfied so as to warrant suppression of the evidence. *See United States v. Walker*, 65 F. Supp. 3d 1385, 1389 n.2 (M.D. Ga. 2014) (noting the "5 a.m. is not an unreasonable time … particularly given the circumstances here").

Additionally, based solely on the language of Rule 41, it appears that so long as the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

search warrant is executed during the defined "daytime" hours, the warrant is proper. A judge may only authorize execution at another time—that is, outside of the daytime hours, "for good cause." Fed. R. Crim. P. 41(e)(2)(A)(ii). The Rule apparently does not contemplate warrants in which the magistrate narrows the window of time beyond the normal daytime hours restriction. Given that the warrant was executed within the time directed by Rule 41, and Vernon has shown no bad faith or prejudice resulting from its execution at a time earlier than that directed by the Magistrate judge, the motion should be denied.

## **CONCLUSION**

WHEREFORE, the United States respectfully requests that the Court deny Defendant's Motion to Suppress because there was no Fourth Amendment violation and the search warrant was properly executed based on the language of Rule 41.

Respectfully submitted this 27th day of November, 2015.

MICHAEL J. MOORE
UNITED STATES ATTORNEY

*/s Kimberly S. Easterling*
Kimberly S. Easterling
Assistant United States Attorney
Georgia Bar Number 122573
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Fax: (478) 621-2655
Attorneys for the United States of America

# CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2015, I electronically filed the within and foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith E. Fitzgerald
Attorney for Defendant
Hogue & Hogue, LLP
Post Office Box 1795
Macon, Georgia 31202
(478) 750-8040

MICHAEL J. MOORE
UNITED STATES ATTORNEY

*/s Kimberly S. Easterling*
KIMBERLY S. EASTERLING
Assistant United States Attorney
Georgia Bar Number 122573
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Fax: (478) 621-2655
Attorneys for the United States of America