**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:15-CR-5 (MTT) |
| | ) | |
| JONATHAN D. VERNON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>ORDER</u>

Defendant Jonathan D. Vernon has moved to suppress evidence seized during a search of his apartment. (Doc. 30). For the reasons discussed below, the motion is **DENIED**.

## I.    BACKGROUND

This case was on the Court's pretrial conference calendar set for November 17, 2015. However, because of a conflict on the part of Vernon's lawyer, the pretrial conference was rescheduled for November 20. Shortly before the pretrial conference, Vernon filed this motion to suppress. The motion was not accompanied by a brief or citation of authorities. At the pretrial conference, the Court instructed defense counsel to file a brief, and that brief was filed later that day.

The parties agreed that a hearing was unnecessary, and they stipulated to the admission of the following exhibits:

| | |
|---|---|
| Exhibit 1 | Application and Affidavit for Search Warrant |
| Exhibit 2 | Search and Seizure Warrant |
| Exhibit 3 | Return of Warrant |
| Exhibit 4 | United States Naval Observatory (USNO) Rise, Set, and Twilight Definitions; and, |
| Exhibit 5 | USNO Data Summary for June 28, 2011. |

(Docs. 33-1; 33-2; 33-3; 33-4; 33-5).

The record establishes these facts. On June 21, 2011, FBI Special Agent Kimberly Hull submitted to Magistrate Judge Charles Weigle an application for a search warrant. (Doc. 33-1). Nothing in the application addressed the time of day for the execution of the search warrant. The magistrate judge issued the search warrant using a standard form. This form orders the executing officer to make the search "in the daytime (_____ A.M. to _____ P.M.)." (Doc. 33-2). In the blanks, the magistrate judge wrote 8:00 A.M. and 6:00 P.M. Thus, the warrant ordered that the search take place "in the daytime (8:00 A.M. to 6:00 P.M.)." (*Id.*). The record does not reveal why the magistrate judge put 8:00 A.M. or 6:00 P.M. in the blanks. Nothing in the record suggests a reason for limiting the search to the hours between 8:00 A.M. and 6:00 P.M. Special Agent Hull executed the warrant at 6:05 A.M. on June 28, 2011. (Doc. 33-3).

Data from the USNO establishes that the sun rose on June 28, 2011, at 6:26 A.M. (Doc. 33-5). However, civil twilight occurred at 5:58 A.M. (*Id.*). Civil twilight is

> the limit at which twilight illumination is sufficient, under good weather conditions, for terrestrial objects to be clearly distinguished; at the beginning of morning civil twilight, or end of evening civil twilight, the horizon is clearly defined and the brightest stars are visible under good atmospheric conditions in the absence of moonlight or other illumination. In the morning before the beginning of civil twilight and in the evening after the end of civil twilight, artificial illumination is normally required to carry on ordinary outdoor activities.

(Doc. 33-4). *See Texas & PAC. Ry. Co. v. Black*, 203 F.2d 574, 575 (5th Cir. 1953)[1] ("'Civil twilight' is the period after sunset during which the natural illumination remains sufficient for ordinary operations to be carried on without the aid of artificial light.").

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## II.    DISCUSSION

In his motion, Vernon argues that the search of his residence "violated the Fourth Amendment and FRCP 41 because the search was performed outside the specified time in the warrant." (Doc. 30 at 2).  Vernon's argument, according to his brief, is premised entirely upon the assumption that the search occurred at night.  The cases he cites involve nighttime searches in violation of a daylight search requirement.  Vernon notes that the "aversion to searches during the night has been codified in Rule 41, where it says that the 'warrant must command the officer to execute the warrant during the daytime, unless the judge for good cause expressly authorizes execution at another time.'" (Doc. 32 at 2, quoting Fed. R. Crim. P. 41(e)(2)(A)(ii)).  Vernon acknowledges that Rule 41 defines daytime as the hours between 6:00 A.M. and 10:00 P.M.  Vernon concludes that "[i]n cases where the distinction between day and night is clear, courts have routinely suppressed evidence when searches are performed contrary to the restriction on the face of the warrant." (Doc. 32 at 3).

Vernon's motion lacks merit for several reasons.  First, Vernon's factual premise is incorrect.  Special Agent Hull did not execute the search warrant at night.  She executed it at 6:05 in the morning which, according to Rule 41, is during the daytime.  Further, according to the data from USNO, civil twilight began at 5:58 A.M.  At that time "twilight illumination is sufficient … for terrestrial objects to be clearly distinguished…." (Doc. 33-4).  Thus, pursuant to Rule 41 and as a matter of fact, the search did not occur at night.

Still, there is a potential problem with the warrant.  On the one hand, it authorizes a daytime search.  On the other, for reasons unknown, the magistrate judge limited the

search to the hours between 8:00 A.M. and 6:00 P.M.  In June, these are not the hours of daylight.  Thus, the warrant is arguably inconsistent or ambiguous.  But this offers Vernon no refuge.

Vernon cites no authority supporting a conclusion that a search conducted during the daytime but yet outside a more restrictive limitation set in the warrant is a constitutional violation, and the Court has found none.  Certainly the fact that the officer may have commenced the search an hour and 55 minutes before the magistrate judge's 8:00 A.M. start time does not undermine the magistrate judge's conclusion that probable cause existed for the search.  Here, the Court easily concludes that the officer's arguably early, but non-nighttime start, did not violate Vernon's constitutional rights.

Thus, Vernon is left with the argument that the search was conducted in violation of Rule 41, an argument that assumes the 8:00 A.M. to 6:00 P.M. limitation trumps the warrant's authorization of a daytime search.  "Unless a clear constitutional violation occurs, noncompliance with Rule 41 requires suppression of evidence only where (1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule."  *U.S. v. Gerber*, 994 F.2d 1556, 1560 (11th Cir. 1993) (italics omitted) (citation omitted).  Vernon makes no effort to demonstrate that he has been prejudiced, and he clearly has not been.[2]  Nor is there any suggestion that the executing officer intentionally and deliberately disregarded anything.  If anything, she complied with Rule 41's definition of daytime rather than the

_____

[2] Vernon asserts that the search was "significantly more abrasive than had it been done during the hours specified on the warrant."  (Doc. 32 at 5).  But he provides no facts supporting that assertion.

magistrate judge's apparently arbitrary limitation.[3]

## III.    CONCLUSION

For the foregoing reasons, Vernon's motion to suppress is **DENIED**.  (Doc. 30).

**SO ORDERED**, this 30th day of November, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Courts have also looked to Fed. R. Crim. P. 52(a) to excuse errors in warrants that are not of a constitutional magnitude.  *See U.S. v. Ravich*, 421 F.2d 1196, 1201-02 (2d Cir. 1970) (declining to exclude evidence where the warrant inadvertently omitted the authorization of a nighttime search because, under the facts of the case, such an omission was akin to an "error, defect, irregularity[,] or variance" not affecting "substantial rights" (quoting Fed. R. Crim. P. 52(a)).  Rule 52(a) provides: "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Arguably, the *Leon* good faith exception could apply as well.  When agents executing a search warrant act in good faith reliance on the validity of a warrant, the exclusionary rule is inappropriate.  *See U.S. v. Leon*, 468 U.S. 897, 916 (1984).  "[T]he exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates."  *Id.*  Indeed, where "the judge, not the police officers, . . . made the critical mistake," the Supreme Court has declined to suppress evidence seized during the execution of a warrant that was defective because of a technical error.  *Massachusetts v. Sheppard*, 468 US 981, 990-91 (1984).  "In short, where the officer's conduct is objectively reasonable, excluding the evidence will not further the ends of the exclusionary rule in any appreciable way…."  *Leon*, 468 U.S. at 919-20 (internal quotation marks and citation omitted).