IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :    CRIM. NO. 5:15-CR-5 (MTT) |
| v. | : |
| | : |
| JONATHAN D. VERNON | : |
| | : |

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, the Defendant, Jonathan D. Vernon ("Defendant"), pled guilty to a written Plea Agreement to Count One of the Superseding Indictment, did knowingly possess material which contains an image of child pornography, as defined in Title 18, United States Code, § 2256(8)(A), that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer. In this violation the defendant possessed specifically, a 500GB Seagate Hard Drive, S/N: 2GE7Y8XP and a 250GB Western Digital External Hard Drive, S/N: WX50A5912724.  All in violation of Title 18, United States Code, §§ 2252A(a)(5)(B) and 2252A(b)(2);

AND WHEREAS, the Superseding Indictment of Defendant Vernon contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under Title 18, United States Code, Section 2253, of specific property which was used, or intended to be used to commit, or to promote the commission of the aforesaid violation;

AND WHEREAS, the Court has determined, based on the evidence already in the record, and the evidence set forth in the Defendant's Plea Agreement: (1) that Defendant has an ownership interest in the property listed below; (2) that the following

property is subject to forfeiture pursuant to 18 U.S.C. § 2253; and (3) that the United States has established the requisite nexus between the aforesaid offense and the following property:

(a) Any visual depictions of minors engaged in sexually explicit conduct, including but not limited to those visual depictions referred to in Count One;

(b) One (1) Lexar SD card, unknown serial number;

(c) One (1) Philips MP3 player, S/N: SA3025/37;

(d) One (1) 500GB Seagate Hard Drive, S/N: 2GE7Y8XP;

(e) One (1) Toshiba Hard Drive, S/N: 89JGFBCZS;

(f) One (1) Kingston thumb drive, S/N: CN030707;

(g) One (1) SanDisk thumb drive, S/N: SDCZ62048RB;

(h) One (1) HP thumb drive, S/N: 005SMKBT1;

(i) One (1) Bluetooth thumb drive, no serial number;

(j) One (1) Cruzer thumb drive, S/N: SDCZ4-4096;

(k) One (1) black Nokia flip mobile telephone with car charger;

(l) One (1) black Motorola touch screen mobile telephone with charger;

(m) One (1) 250GB Western Digital External Hard Drive, S/N: WX50A5912724;

(n) One (1) Gateway laptop computer with power cord, S/N: T0384V1008389;

(o) One (1) Acer laptop computer with power cord and attached thumb drive, S/N: LXPJV020029371F17D1601;

(p)   One (1) Western Digital Hard Drive with power cord and USB cord, S/N: WCAM9L944790;

(q)   Eight (8) loose compact disks;

(r)   Six (6) compact disks in cases;

(s)   Fifteen (15) compact disks in a bulk storage case;

(t)   Thirty-two (32) compact disks in a bulk storage case;

(u)   Thirty-nine (39) compact disks in a bulk storage case; and

(v)   One (1) red/black CD case with thirty-two (32) compact disks,

(hereinafter collectively referred to as the "subject property").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.   Pursuant to 18 U.S.C. § 2253, 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the subject property and the offense(s) of conviction and the subject property is hereby forfeited to the United States.

2.   Upon the entry of this Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

3.   The United States shall publish notice of the Order and its intent to dispose of the subject property in such a manner as the United States Attorney General

(or his designee) may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

    4.    Any person, other than the above-named defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 2253.

    5.    **Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**.  If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

    6.    Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

    7.    If a petition is filed by a third party, and after the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery

may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

8.  After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9.  The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third-party petitions, incorporated by 18 U.S.C. § 2253.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this __2nd__ day of __March__, 2016.

S/ Marc T. Treadwell
_____
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

G. F. PETERMAN, III
ACTING UNITED STATES ATTORNEY

s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.  052683