

U. S. Department of Justice

*United States Attorney*
*Middle District of Georgia*

*Criminal Division*
*Post Office Box 1702*
*Macon, Georgia 31202*

*Phone: 478-752-2642*
*Fax: 478-621-2655*

March 21, 2016

Honorable Marc T. Treadwell
United States District Judge
Middle District of Georgia
Via CM/ECF

  Re: *United States v. Jonathan D. Vernon*, 5:15-CR-5
     Joint Restitution Memorandum

Dear Judge Treadwell:

## I. CASE BACKGROUND

Jonathan Vernon (Vernon) was indicted on a superseding Indictment for one count of Possession of Child Pornography in violation of 18 United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2) and two counts of distribution of child pornography in violation Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1). Vernon pled guilty on November 30, 2015 to count one of the superseding Indictment. Specifically, Vernon is pled guilty that between March 26, 2011 and June 28, 2011, he possessed child pornography. Vernon is set to be sentenced on March 30, 2016 at 9:00 a.m.

## II. LEGAL AUTHORITY

Restitution is mandatory for crimes involving the sexual exploitation of children. 18 United States Code § 2259 states:

"Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter. The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victims' losses as determined by the court pursuant to paragraph (2). An order of restitution under this section shall be issued and enforced in accordance with section 3664 in the same manner as an order under section 3663A."

The children who were in the images and videos possessed by Vernon are the victims in the case. The National Center for Missing and Exploited Children (NCMEC) identified one hundred and thirty-five different named series of child pornography on Vernon's computer. PSR ¶15.

### III. RESTITUTION

Attorneys representing the identified victims (eight in total) have sought restitution from Jonathan Vernon. They are: the "Cindy" series, the "Marineland" series, the "Lighthouse" series and the "8 Kids" series. PSR ¶16- ¶19. The "Cindy" series has two images, the "Marineland" series has fourteen images, the "Lighthouse" series has two images and the "8 Kids" series has one hundred and sixteen images. PSR ¶16-¶19.

The PSR indicated that Vernon has $10,000.00 in 401K stocks. PSR ¶57. Vernon has $27,000.00 in total liabilities. PSR ¶57. The United States and defense discussed restitution in the amount of $1,500.00 per victim given the facts of the case. The total amount of restitution would be $12,000.00 to include all eight victims. The United States made contact with the attorneys for the identified victims on December 4, 2015 through January 27, 2016 and communicated

Vernon's assets to the attorneys for the identified victims. The United States proposed the $1,500.00 amount for each victim to all four attorneys. Each of the attorneys responded that the amount was acceptable to their clients.

The United States communicated this information to the defense on January 29, 2016. The United States and defense believe that the agreed upon amount is appropriate. It is a collectible amount based on Vernon's assets and would allow the victims to receive compensation based off of the harm caused by Vernon's possession of their images. In United States v. Brian David Walker[1], the defendant pled guilty to distribution of child pornography. This Court awarded a total of $8,000.00 in restitution to be divided among the seven victims, with six victims receiving $1,000.00 and a seventh victim receiving $2,000.00 respectively.

If the Court is not satisfied with the agreed upon amount or requires further explanation, the United States and defense respectfully request that the Court notify the parties in advance of the March 30, 2016 sentencing. The notice would allow both parties to be adequately prepared to respond to inquiries by the Court or for a restitution hearing, if necessary.

                                                              Sincerely,

| | |
|---|---|
| */s/ Kimberly S. Easterling* | *s/Keith Eric Fitzgerald* |
| Kimberly S. Easterling | Keith Eric Fitzgerald |
| Assistant United States Attorney | Attorney for Defendant |
| Middle District of Georgia | Hogue & Hogue, LLP |
| P.O. Box 1702 | P. O. Box 1795 |
| Macon, Georgia 31202-1702 | Macon, Georgia 31202 |
| Georgia Bar Number 122573 | Georgia Bar Number 360030 |

---

[1] 5:13-cr-59 (MDGA 2014)